**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

MAXWELL NAVARRE LEE,            )
                               )
            Petitioner,        )
                               )
      v.                       )      No. 4:26-cv-00257-RHH
                               )
MICHAEL SHEWMAKER,             )
                               )
            Respondent.        )

### MEMORANDUM AND ORDER

This matter is before the Court on self-represented Petitioner Maxwell Lee's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. The petition appears to be barred by § 2254's one-year limitations period, and the Court will order Petitioner to show cause why his action should not be dismissed.

On June 26, 2015, Petitioner entered a guilty plea in St. Francois County Court to two counts of second-degree felony murder. *State v. Lee*, No. 15SF-CR00456-01 (24th Jud. Cir. 2015). The trial court sentenced Petitioner to two concurrent terms of life imprisonment in the Missouri Department of Corrections. Petitioner did not appeal his conviction or sentence.

On February 28, 2022, Petitioner filed a motion to vacate, set aside, or correct judgment under Missouri Supreme Court Rule 24.035 in the St. Francois County Circuit Court. *See Lee v. State*, No. 22SF-CC00033 (24th Jud. Cir. 2024). After an evidentiary hearing, the state court denied Petitioner's post-conviction motion on November 7, 2024. *Id*. Petitioner appealed, and the Missouri Court of Appeals affirmed the trial court on August 12, 2025. *Lee v. State*, No. ED113140 (Mo. Ct. App. 2025).

Petitioner filed his § 2254 petition by placing the petition in the mail at South Central Correctional Center in Licking, Missouri, on February 3, 2026.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> . . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because Petitioner failed to appeal his 2015 conviction, his sentence became final on July 6, 2015. *See* Mo. Sup. Ct. R. 81.04(a) (a party may appeal from a judgment by filing a notice of appeal not later than ten (10) days after the judgment becomes final); *see also Camacho v. Hobbs*, 774 F.3d 931, 934-35 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review). Thus, Petitioner's filing deadline for his federal court habeas expired one year from that date, on July 5, 2016.[1]

Based on the foregoing, the Court will order Petitioner to show cause why his petition should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

Accordingly,

---

[1]Petitioner's post-conviction proceedings in state court could not toll his statute of limitations as his motion to vacate was filed after the statute of limitations had already run, in February of 2022.

**IT IS HEREBY ORDERED** that Petitioner shall show cause, in writing and **no later than 21 days from the date of this Order**, why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if Petitioner fails to comply with this Order, this action will be dismissed without prejudice and without further notice to Petitioner.

Dated this 5th day of March, 2026.

RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE

3