**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MAXWELL NAVARRE LEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:26-CV-00257 RHH |
| | ) | |
| MICHAEL SHEWMAKER, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

State-court prisoner Maxwell Lee petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1]. On March 5, 2026, the Court issued an Order directing Petitioner to show cause as to why the application for writ of habeas corpus should not be dismissed as time-barred. [ECF No. 4]. After reviewing Petitioner's response to the Order to Show Cause, *see* ECF No. 6, the Court will issue a Case Management Order simultaneously herewith.

**Background**

On June 26, 2015, Petitioner entered a guilty plea in St. Francois County Court to two counts of second-degree felony murder. *State v. Lee*, No. 15SF-CR00456-01 (24th Jud. Cir. 2015). The trial court sentenced Petitioner to two concurrent terms of life imprisonment in the Missouri Department of Corrections. Petitioner did not appeal his conviction or sentence.

On February 28, 2022, Petitioner filed a motion to vacate, set aside, or correct judgment under Missouri Supreme Court Rule 24.035 in Saint Francois County Circuit Court. *See Lee v. State*, No. 22SF-CC00033 (24th Jud. Cir. 2024). After an evidentiary hearing, the state court denied Petitioner's post-conviction motion on November 7, 2024. *Id*. Petitioner appealed, and the

1

Missouri Court of Appeals affirmed the trial court on August 12, 2025. *Lee v. State*, No. ED113140 (Mo. Ct. App. 2025).

Petitioner filed his § 2254 petition by placing the petition in the mail at South Central Correctional Center in Licking, Missouri, on February 3, 2026. After reviewing the habeas petition, the Court issued an Order on March 5, 2026, directing Petitioner to show cause as to why it should not be dismissed as time-barred. [ECF No. 4].

### Show Cause Response and Discussion

In Petitioner's response brief, he asserts that his application for writ of habeas corpus should be considered timely because he submitted his post-conviction motion to vacate pursuant to Missouri Supreme Court Rule 24.035 to the City of Farmington Municipal Court on December 23, 2015. Petitioner asserts that an evidentiary hearing was held in Saint Francois County Circuit Court, *see Lee v. State*, No. 22SF-CC00033 (24th Jud. Cir. 2024), on August 16, 2024, and the matter of whether Petitioner timely filed his post-conviction motion to vacate was reviewed.

Prior to the hearing, Petitioner's counsel, Lisa Stroup, and Saint Francois County Prosecuting Attorney, Michael Dudley, entered a Stipulation stating the following:

> The parties hereby stipulate that Mr. Lee filed a pro se post-conviction motion in the City of Farmington Municipal Court on December 23, 2015.

At the hearing, Petitioner offered evidence that he was given the wrong address of the Circuit Court of Saint Francois County, and instead utilized the name of the Circuit Clerk, and the address of the Municipal Court of the City of Farmington, Missouri. He argued that pursuant to the case of *Nicholson v. State*, 151 S.W.3d 369 (Mo. banc 2004), the Municipal Court was required to transfer the motion to vacate to the Circuit Court, where it should have been properly filed. *See also* Mo. Rev. Stat. § 476.410.

2

On November 6, 2024, Circuit Judge Wendy Wexler-Horn found that although an argument could be made that the City of Farmington was not a "Court of Record" under the Missouri statutes, she was nevertheless making a finding that the Municipal Division was a Division of the Circuit Court. Thus, she found that Petitioner's Rule 23.035 motion to vacate was timely-filed when it was filed in the Municipal Court of the City of Farmington, Missouri, on December 23, 2015.

For this reason, the Court will issue a Case Management Order in this action. If Respondent wishes to raise timeliness as an affirmative defense to Petitioner's application for writ of habeas corpus, Respondent must do so within the time set forth in the Case Management Order.

Accordingly,

**IT IS HEREBY ORDERED** that a Case Management Order will be issued simultaneously herewith.

Dated this 20th day of May, 2026.

RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE

3